**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

EDWARD J. MCGRAW,                          )
                                          )
                  Plaintiff,              )
                                          )
v.                                        )    Case No. 25-CV-335-DES
                                          )
SHERIFF CHRIS MORRIS and UNKNOWN           )
DEPUTY OFFICERS in their Official Capacities, )
and BOARD OF COUNTY COMMISSIONERS          )
OF PITTSBURG COUNTY, OKLAHOMA,             )
                                          )
                  Defendants.             )

**OPINION AND ORDER**

This matter comes before the Court on Defendants, Sheriff Chris Morris and the Board of County Commissioners' ("Defendants") Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). (Docket No. 11). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## I.    Background

Pro se Plaintiff, Edward J. McGraw, ("Plaintiff") filed this 42 U.S.C. § 1983 action against Defendants, for the alleged violations of Plaintiff's Fourth Amendment rights under the United States Constitution and for the alleged intentional infliction of emotional distress. (Docket No. 2 at 1). Plaintiff contends that the violations stemmed from an unlawful search of his house which led to his arrest. *Id.* at 4. Defendants argue that Pittsburg County Sheriff's Office Investigator Michael Glasco ("Glasco"), in his capacity as a cross-deputized Choctaw Nation Police Officer, was contacted by the Choctaw Nation Domestic Violence Center regarding allegations that Plaintiff, who is a Native American Tribal Member, was a convicted felon in possession of firearms and child pornography. *Id.* at 7-8. A Choctaw Nation search warrant for Plaintiff's

1

residence was granted by a Choctaw Nation Judge, which Glasco and two other Pittsburg County Sheriff's Deputies who were cross deputized with the Choctaw Nation executed on September 27, 2023. *Id.* at 8. Durning the search warrant execution, Plaintiff was found to be in possession of twelve firearms and Glasco placed Plaintiff under arrest pursuant to the authority granted to him by the Choctaw Nation and under tribal law. *Id.* On September 28, 2023, the Choctaw Nation charged Plaintiff with three counts of carrying a firearm after a felony conviction, pursuant to Choctaw Tribal Code 1283.6. *Id.*

On October 30, 2025, Defendants filed their Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6), for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (Docket No. 11 at 7). Plaintiff had until November 13, 2025 to respond to Defendants' Motion to Dismiss but failed to do so. Because Plaintiff never responded to Defendants' Motion to Dismiss, Defendants filed a Motion to Deem Motion to Dismiss Confessed on February 20, 2026. (Docket No. 12). Pursuant to Local Rule 7.1(d), all parties opposing a motion are required to file a response within fourteen (14) days from the date the motion was filed. When a party fails to respond to a motion, the motion may be deemed confessed. *See Bowdish v. Fed. Express Corp.*, 699 F. Supp. 2d 1306, 1326 (W.D. Okla. 2010) (deeming issue confessed where responding party failed to address it). Local Rule 7.1(g) specifically allows a court to grant a motion for confession of judgment fourteen (14) days after filing. Accordingly, the Court finds Plaintiff has confessed Defendants' Motion to Dismiss. However, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

II.    Analysis

    a.  Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1) a party may assert a defense to a complaint for lack of subject-matter jurisdiction. There are two types of Rule 12(b)(1) motions, (1) those which attack the complaint on its face, and (2) those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). When there is an attack of the complaint on its face, a district court's review is similar to a Rule 12(b)(6) motion in that "a district court must accept the allegations in the complaint as true." *Id.* at 1002.  However, for a Rule 12(b)(1) motion attacking the facts upon which subject matter jurisdiction exists, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id*. at 1003. Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited since "a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. Under this authority, the Court looks at the Pleadings presented along with all attached exhibits.

As Defendants correctly point out, it is a "jurisdictional requisite for a § 1983 action" that the actor was acting "under color of state law."[1] *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law.'" *David v. City & Cnty of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1998)). Thus, the intent

---

[1] "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted).

behind § 1983 is to "provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988).

Native American tribes are "'self-governing sovereign political communities,'" *United States v. Hopson*, 150 F.4th 1290, 1299 (10th Cir. 2025) (quoting *United States v. Wheeler*, 435 U.S. 313, 322-23 (1978)), and it has long been held that "[s]tate courts generally have no jurisdiction to try Indians for conduct committed in 'Indian country.'" *McGirt v. Oklahoma*, 591 U.S. 894, 898 (2020) (quoting *Negonsott v. Samuels*, 507 U.S. 99, 102-103 (1993)). Therefore, state or county officers generally do not have authority derived from the state to enforce state laws over Indians within Indian country. *See Ross v. Neff*, 905 F.2d 1349, 1353 (10th Cir. 1990) ("The Supreme Court has expressly stated that state criminal jurisdiction in Indian country is limited to crimes committed by non-Indians against non- Indians…and victimless crimes by non-Indians"). Accordingly, for state or county officers to effectuate an arrest of an Indian in Indian country, they must do so under tribal authority. (Docket No. 11 at 13).

Here, Defendants assert that Glasco was acting in his capacity as a cross-deputized Choctaw Nation Police Officer when he executed the search warrant for Plaintiff's residence.[2] *Id.* at 15. As such, Defendants further assert this Court lacks subject-matter jurisdiction to hear Plaintiff's § 1983 action since the officers were not acting under color of state law, but rather under the authority of the Choctaw Nation. *Id.* at 16. As stated above, "the purpose of § 1983 is to 'provide compensatory relief to those deprived of their federal rights by state actors,'" *Barrick v. Kasbaum*, No. CIV-23-129-JFH-GLJ, 2025 WL 2993764, at *3 (E.D. Okla. July 9, 2025) (quoting *Felder*, 487 U.S. at 141)). Thus, "[a] § 1983 action is unavailable for persons alleging deprivation of constitutional rights under color of tribal law." *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th

---

[2] Plaintiff effectively confesses these points for his failure to respond to Defendant's Motion to Dismiss or Motion to Deem Confessed.

Cir. 2006) (quotation omitted). Because Glasco was acting under tribal authority, and not under color of state law, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and Defendants' Motion to Dismiss is GRANTED.[3]

## III.    Conclusion

For the reasons set forth herein, the Court concludes that the search, seizure, and subsequent arrest of Plaintiff were carried out pursuant to tribal authority under a Choctaw Nation warrant, and not under color of state law as required to maintain a claim under 42 U.S.C. § 1983. In the absence of this essential jurisdictional predicate, the Court lacks subject matter jurisdiction over Plaintiff's claims. Additionally, Plaintiff's failure to respond to Defendants' Motion to Dismiss permits the Court to deem the motion confessed under the applicable local rules. Therefore, Defendants' Motion to Dismiss is hereby GRANTED in its entirety and Plaintiff's claims are dismissed without prejudice.

DATED this 16th day of April, 2026.

_____
D. Edward Snow
United States Magistrate Judge

---

[3] Defendants also argue Plaintiff's Complaint fails to allege an underlying constitutional violation and fails to allege sufficient facts to state a plausible municipal liability claim against Defendants. The Court need not analyze these arguments after a finding that it lacks subject-matter jurisdiction to hear this Complaint.